IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JAMES L. MORGAN | § | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-85 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant James L. Morgan, a federal prisoner, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The motion was referred to the magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On March 20, 2019, a federal grand jury in the Eastern District of Texas returned a four-count first superseding indictment charging Movant and a co-defendant with controlled substance and weapons offenses. Movant was charged with: conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); using, carrying, and possessing a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 4). In connection with Count 4, the indictment alleged Movant had seven prior felony convictions.

Movant's jury trial commenced on April 23, 2019. Prior to trial, the government and Movant stipulated that he had three prior felony convictions, and that he was a convicted felon for purposes of the felon in possession of a firearm count. The jury found Movant not guilty of Counts 1 and 3.

The jury found Movant was guilty of Count 2, and found beyond a reasonable doubt that Movant possessed with intent to distribute five grams or more but less than fifty grams of actual methamphetamine. The jury also found Movant guilty of Count 4. On November 14, 2019, Movant was sentenced to 160 months of imprisonment for Count 2 and 120 months of imprisonment for Count 4, with the sentences to run concurrently.

Movant appealed his convictions arguing that the evidence was insufficient to support the jury's verdict; the district court abused its discretion by giving the jury an *Allen* charge; and violated *United States v. Booker*, 543 U.S. 220 (2005), at sentencing by finding Movant was responsible for a drug quantity that exceeded the jury's finding. On September 4, 2020, the United States Court of Appeals affirmed the judgment.

## The Motion

Movant contends that his conviction is invalid in light of the United States Supreme Court's holding in *Rehaif v. United States*, _ U.S. _, 139 S. Ct. 2191, 2200 (2019), because the indictment did not allege, and the jury did not find that Movant knew that his status as a felon barred him from possessing a firearm. Movant asserts that he received ineffective assistance of counsel because his appellate attorney failed to raise a *Rehaif* claim on direct appeal. Movant contends his trial attorney provided ineffective assistance of counsel by failing to present a defense that Movant did not have knowledge that his co-defendant possessed a firearm and the methamphetamine in the vehicle. Finally, Movant contends defense counsel provided ineffective assistance at sentence by failing to challenge the quantity of drugs attributed to him for sentencing purposes.

Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991) (en banc). Thus, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Analysis

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of Movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; Movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

### A. Failure to Raise Rehaif Claim on Direct Appeal

Movant contends that he is entitled to relief in light of the United States Supreme Court's holding in *Rehaif v. United States*.[1] Movant also contends that he received ineffective assistance of counsel because his appellate counsel failed to raise a *Rehaif* claim on direct appeal.

Prior to *Rehaif*, the defendant's knowledge of his status as a felon was not considered an essential element of the crime of being a felon in possession of a firearm. *United States v. Kelley*, 40 F.4th 250, 251 (5th Cir. 2022). In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, _ U.S. _ , 139 S. Ct. 2191, 2200 (2019).

A *Rehaif* error is not a structural error that requires automatic reversal of a conviction. *Greer v. United States*, _ U.S. _ , 142 S. Ct. 2090, 2100 (2021). Thus, the Movant must show that he was actually prejudiced by the *Rehaif* error. *United States v. Scott*, 11 F.4th 364, 366 n.2 (5th Cir. 2021) (citing *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020). Demonstrating prejudice is generally difficult because, as the Supreme Court has noted, a person who has been convicted of a felony offense does not usually forget his or her status as a felon. *Greer*, 141 S. Ct. at 2097. In addition, the government would often have little trouble proving that the defendant knew about the felony conviction. *Lavalais*, 960 F.3d at 184. "Absent any evidence suggesting ignorance, a jury applying the beyond-a-reasonable-doubt standard could infer that a defendant knew that he or she was a convicted felon from the mere existence of a felony conviction." *United States v. Staggers*,

---

[1] The United States Court of Appeals for the Fifth Circuit has held that the Supreme Court's decision in *Rehaif* applies retroactively to cases on collateral review. *United States v. Kelley*, 40 F.4th 250, 253 (5th Cir. 2022).

961 F.3d 745, 757 (5th Cir. 2020) (holding that the defendant's stipulation to a felony conviction was sufficient to prove that the defendant knew he was a felon); *see also United States v. Kieffer*, 991 F.3d 630, 635 (5th Cir. 2021) (holding that the defendant's stipulation at trial to being a felon was sufficient evidence to establish that he knew he was a felon, regardless of whether the *Rehaif* claim was reviewed under the plain error or *de novo* standards).

In this case, Movant has not demonstrated that he was prejudiced by the *Rehaif* error because there is nothing in the record to suggest that Movant was unaware of his status as a felon. Movant stipulated before trial that he had prior felony convictions for unlawful possession with intent to deliver a controlled substance, armed robbery, and aggravated vehicle hijacking.[2] In addition to those felony convictions, the Presentence Report reflects that Movant had multiple prior felony convictions for controlled substance offenses and a prior felony conviction for being a felon in possession of a firearm. The Presentence Report reflects that Movant had been released on parole approximately nine months before committing the instant offenses, and that he was still on parole for a felony conviction at the time of his arrest.

Because he has not shown that he was prejudiced by the *Rehaif* error, Movant is not entitled to relief on the merits of the claim. His claim that appellate counsel provided ineffective assistance by failing to raise the claim on appeal also lacks merit because counsel does not perform deficiently by failing to pursue an argument that has no validity or hope of success. *United States v. Gaudet*, 81 F.3d 585, 591 (5th Cir. 1996).

---

[2] The government contends that Movant told authorities during the traffic stop that he had felony convictions for carjacking and armed robbery. A review of Trial Exhibit 1D reflects that, in response to a question about prior arrests, Movant admitted that he had been arrested for carjacking and armed robbery. Movant was not asked whether he had any convictions, and he did not volunteer that information.

### B. Failure to Research and Present a Rosemond Defense

Movant contends that his trial counsel provided ineffective assistance by failing to research and present a defense regarding constructive possession of the drugs and firearm based on the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65, (2014). In *Rosemond*, the Supreme Court considered the government's burden of proving that a defendant aided or abetted the offense of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c). *Id.* at 67. The Supreme Court held that the government must prove "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Id.*

In light of *Rosemond*, Movant contends that the government was required to prove that he had advance knowledge that his co-defendant possessed the firearm and the drugs in the vehicle Movant was driving. However, *Rosemond* only addresses the mens rea requirement for proving an aiding an abetting offense. *United States v. Baker*, 923 F.3d 390, 406 (5th Cir. 2019). *Rosemond* does not apply to this case because Movant was charged as a principal with committing the substantive offenses, not with aiding and abetting his co-defendant.

With respect to Movant's argument that trial counsel failed to argue that the evidence was insufficient to prove that he constructively possessed either the firearm or the drugs, this claim also lacks merit. The record reflects that trial counsel argued in his closing argument that the evidence was insufficient to prove Movant constructively possessed the drugs and firearm. The constructive possession argument was raised again on direct appeal, but the Fifth Circuit rejected the claim. The Fifth Circuit concluded that the evidence was sufficient for the jury to find beyond a reasonable

doubt that Movant "acted knowingly in constructively possessing both the methamphetamine and the firearm hidden in the vehicle he was driving." *United States v. Morgan*, 826 F. App'x 345, 346-47 (5th Cir. 2020).

### C. Failure to Raise Alleyne Claim at Sentencing

In *Alleyne v. United States*, the Supreme Court held that any fact that increases the statutory mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 103 (2013). Movant contends defense counsel should have challenged his sentence for Count 2 in light of *Alleyne*, because Movant's guideline range was based on the district court's finding that Movant was responsible for 78.22 grams of actual methamphetamine, but the jury found Movant was only responsible for 5 grams or more but less than 50 grams.

Movant's argument fails for three reasons. First, the holding in *Alleyne* does not affect the validity of Movant's sentence because the district court's finding as to drug quantity did not increase Movant's statutory sentence range. *See United States v. Morgan*, No. 5:17-CR-27 (E.D.Tex. Nov. 14, 2019), Dkt. No. 175 at 27 (sentencing Mr. Morgan for 160 months on Count 2, which is within the ten years to life range associated with cases involving between 5 and 50 grams of methamphetamine and a prior conviction of a qualifying felony, *see* 21 U.S.C. § 841(b)(1)(B)(viii)); *see also id.* at 146 at 17 (presentence investigation report providing the statutory minimum option for sentencing is 10 years to not more than life based on 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 851). *Morgan*, 826 F. App'x 345, 348 (rejecting a similar argument and specifically noting that "Morgan's sentence is within the Guidelines sentencing range for the amounts of actual methamphetamine on which he was convicted"). Next, it was not error for the sentencing court to

consider additional drug quantities as relevant conduct for sentencing purposes. *See United States v. Hinojosa*, 749 F.3d 407, 412 (5th Cir. 2014) (noting that relevant conduct determinations that increase the guidelines range do not have to be found by a jury). Finally, the claim lacks merit because counsel filed objections challenging the drug quantity attributed to Movant as relevant conduct for sentencing purposes. *United States v. Morgan*, No. 5:17-CR-27 (E.D.Tex. Jul. 12, 2019), Dkt. No. 145 at 1-2 (trial attorney objecting to the drug quantity calculated in Mr. Morgan's presentence investigation report, arguing that the jury acquitted Mr. Morgan for anything over 50 grams). As a result, Movant is not entitled to relief based on *Alleyne*.

## Recommendation

The Motion to Vacate, Set Aside or Correct Sentence should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this the 13th day of January, 2023.

9

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE