IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JAMES L. MORGAN, | § | |
| Plaintiff | § § § | |
| v. | § | CIVIL ACTION NO. 5:21-CV-00085-RWS-JBB |
| USA, | § § § | |
| Defendant. | § § | |

**ORDER**

Movant James L. Morgan, a federal prisoner, proceeding *pro se,* filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Docket No. 1. The Court referred this matter to the Magistrate Judge. The Court has received and considered the Report and Recommendation of the Magistrate Judge (Docket No. 12 [hereinafter R&R]), along with the record, pleadings, and all available evidence. The Magistrate Judge recommends denying the motion. R&R at 9. Movant filed objections to the R&R. Docket No. 16. The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

First, Movant contends that counsel provided ineffective assistance by failing to raise arguments that were later addressed by the United States Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and by the United States Court of Appeals for the Eleventh Circuit in *Seabrooks v. United States*, 32 F.4th 1375 (11th Cir. 2022). Docket No. 16 at 2. In *Rehaif*, the Supreme Court held that, in a prosecution for the offense of felon in possession of a firearm, the government must prove that the defendant knew he possessed a firearm and that the defendant knew he was a felon. *Rehaif*, 139 S. Ct. at 2200. Movant's trial pre-dated *Rehaif*, so the jury was

not instructed that the defendant's knowledge of his status as a felon was an element of the offense. However, because a *Rehaif* error is not a structural error, post-judgment relief is not available unless Movant shows that he was prejudiced by the error. *See United States v. Scott*, 11 F.4th 364, 366 n.2 (5th Cir. 2021). As the magistrate judge concluded, Movant was not prejudiced because there was nothing in the record suggesting that Movant was unaware of his multiple, prior felony convictions. Thus, relief is not warranted in this case for any *Rehaif* error.

In *Seabrooks*, the Eleventh Circuit held that, to prove a defendant aided and abetted a co-defendant in the offense of possession of a firearm by a felon, the government must prove that the defendant knew his co-defendant was a felon. 32 F.4th at 1384. Because Movant was not charged with aiding and abetting, and the jury was not instructed that Movant could be found guilty of aiding and abetting his co-defendant of unlawfully possessing a firearm, the holding in *Seabrooks* does not provide Movant with an avenue for relief. As a result, counsel did not provide ineffective assistance by failing to raise a meritless claim based on *Seabrooks*.

Next, Movant contends that trial counsel provided ineffective assistance by failing to raise an argument based on the Supreme Court's holding in *Rosemond v. United States*, 572 U.S. 65 (2014). Docket No. 16 at 3. In *Rosemond*, the Supreme Court considered the burden of proof for aiding or abetting the offense of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c). *Rosemond*, 572 U.S. at 67. The Supreme Court held that the government must prove the defendant actively participated in the underlying offense with advance knowledge that an accomplice would use or carry a gun during the commission of the crime. *Id*. at 77–78. The magistrate judge correctly concluded that *Rosemond* does not apply to this case because Movant was charged with committing the substantive offenses himself, not with aiding and abetting his co-defendant. Further, the United

States Court of Appeals for the Fifth Circuit addressed the sufficiency of the evidence on direct appeal and found that the evidence was sufficient for the jury to find beyond a reasonable doubt that Movant knowingly possessed the methamphetamine and the firearm. *United States v. Morgan*, 826 F. App'x 345, 346–47 (5th Cir. 2020).

Finally, Movant contends that counsel provided ineffective assistance by failing to raise a claim in light of the holding in *Alleyne v. United States*, 570 U.S. 99, 103 (2013), when his sentence was based on the district court's finding that Movant was responsible for 78.22 grams of methamphetamine, but the jury only found Movant responsible for 5 grams or more but less than 50 grams of methamphetamine. Docket No. 16 at 6; *see* R&R at 8. In *Alleyne*, the Supreme Court held that any fact that increases the statutory mandatory minimum sentence is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt.  570 U.S. at 103. In this case, *Alleyne* does not affect the validity of Movant's sentence because the district court's finding as to drug quantity did not increase Movant's statutory sentence range; it only affected Movant's sentencing guideline range. Counsel objected to the drug quantity attributed to Movant as relevant conduct, *United States v. Morgan*, Case No. 5:17-CR-00027-RWS-CMC-2, Docket No. 145 at 1–2 (E.D. Tex. July 12, 2019), and the Court overruled that objection at the sentencing hearing. *Id.*, Docket No. 175 at 8–9 (E.D. Tex. January 2, 2020). Relevant conduct determinations that increase the guideline range do not have to be found by a jury. *United States v. Hinojosa*, 749 F.3d 407, 412 (5th Cir. 2014).  As a result, Movant is not entitled to relief based on *Alleyne*. It bears noting that Movant's sentence was within the guideline sentencing range for the amounts of actual methamphetamine on which he was convicted. *Morgan*, 826 F. App'x at 348.

Furthermore, Movant is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues

a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the motion was denied on procedural grounds, the movant must show that jurists of reason would find it debatable (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Here, Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. And Movant has not shown the questions presented are worthy of encouragement to proceed further. Therefore, Movant has failed to make a sufficient showing to merit the issuance of a certification of appealability. A certificate of appealability will not be issued.

For the reasons set forth above, the Court finds Movant's claims lack merit. Accordingly, it is

**ORDERED** that Movant's objections (Docket No. 16) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 12) is **ADOPTED**. It is further

**ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence (Docket No. 1) is **DENIED**. It is further

**ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**. A final judgment will be entered in this case in accordance with this Order.

**So ORDERED and SIGNED this 24th day of July, 2023.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE